UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8522-CIV-SEITZ/GARBER

INTEGRATED BROADCAST
SERVICES, INC.

    Plaintiff,

v.

JOHN F. SCHAD, et al.,

    Defendants.

_____/



## OMNIBUS ORDER

THIS MATTER is before this Court on Schad Defendants' Motion for Sanctions, Attorney's Fees and Taxation of Costs [DE-291], Campbell Defendant's Motion to Tax Costs [DE-274], and Hochstadt's Third Party Defendant's Motion to Tax Costs and Attorney's Fees [DE-273] pursuant to an Order of Reference entered by Patricia A. Seitz, United States District Judge. The Court held a hearing on this matter on June 23, 2000, predominantly regarding sanctions.

### BACKGROUND

Plaintiff, Integrated Broadcast, pursuant to a written agreement with Schad Defendants providing for an allocation of stock and other business records in exchange for a designated amount of Plaintiff's shares, filed suit against Schad Defendants alleging breach of contract, fraud, and conversion. Plaintiff also charged Campbell Defendants with professional negligence. Thereafter, Defendants filed a Third Party Complaint against A.M. Hochstadt who was later found by Judge Seitz to be Plaintiff's "virtual representative" after evidence revealed that Plaintiff's and Hochstadt's actions were closely related, and specifically since Hochstadt was responsible for authorizing and paying for the filing of the initial suit.

Final Summary Judgment was entered in favor of Schad and Campbell Defendants as to the initial Complaint and in favor of Third Party Defendant, Hochstadt, as to the Third Party Complaint.

## I. MOTION FOR SANCTIONS, FEES AND COSTS BY SCHAD DEFENDANTS.

Schad Defendants seek sanctions under Fed. R. Civ. P. 11, fees under Fla. Stat. ch. 57.105 (1999) and costs under 28 U.S.C. § 1920 against Integrated Broadcast Inc. and A.M. Hochstadt, Third Party Defendant.

### A. SANCTIONS

Schad Defendants argue that Plaintiff and its "virtual representative," A.M. Hochstadt, prosecuted frivolous claims without legal or factual basis, and conducted the action in a hostile manner by refusing to cooperate at all phases of the litigation process in an effort to prolong the action and extort payment from Defendants. They further state that Hochstadt's litigious record is indicative of the fraudulent nature of this case. On the other hand, Plaintiff and Hochstadt argue that their claims did in fact have merit, both factually and legally. Moreover, Plaintiff and Hochstadt argue that the Iowa Settlement,[1] releasing Schad Defendants of liability, did not reveal that Integrated's claims lacked legal foundation. They further state that Defendants' proffered examples of Hochstadt's litigious nature and history are unrelated to the merits of the present case and not indicative of sanctionable behavior. Furthermore, Plaintiff and Hochstadt claim several defenses under Fed. R. Civ. P. 11 which are irrelevant under the analysis that follows.

"It has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43

---

[1] Referring to the final settlement of the predecessor suit to this case filed in the State Court of Iowa by John Schad against A.M. Hochstadt.

2

(1991) (quoting United States v. Hudson, 34 L.Ed. 259 (1812)). Pursuant to a court's inherent power, a court may assess sanctions, including fees, when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-259 (1975). Moreover, the sanctioning scheme of statutes and rules do not displace a court's inherent power to impose sanctions for bad-faith conduct. Chambers, 501 U.S. at 46. While a court should ordinarily rely on other authority, a court "may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task." Id. at 33.

Here, the Court finds that Hochstadt acted in bad faith, and that sanctions are appropriate pursuant to the Court's inherent power. The Court deems that Hochstadt intentionally delayed the discovery process by failing to cooperate in setting depositions and producing documents. Moreover, Hochstadt's conduct during the discovery process is indicative of his pervasive efforts to intimidate Defendants with threats of perpetuated litigation. Hochstadt also deliberately gave Defendants a false sense of security since he intended to bring this action while entering into the Iowa Settlement. Finally, the Court finds instances of prosecutorial hostility during the course of this entire litigation.

Further, the Court finds that Hochstadt is personally responsible for sanctions under an alter ego theory. See Raber v. Osprey Alaska, Inc., 187 F.R.D. 675, 678 (M.D. Fla. 1999) ("under the alter ego doctrine any acts committed by either the corporation or a member of the corporation are treated as the acts of both, and if either is bound, by contract, judgment, or otherwise, both are equally bound"). Judge Seitz has previously indicated that Hochstadt was Plaintiff's "virtual representative" since he: (1) was responsible for authorizing the filing of the initial suit; (2) signed the Complaint in this cause; and (3) paid for Plaintiff's costs and fees due to its lack of funds and a bank account. Based upon Judge Seitz's determinations as well as the aforementioned conclusions, the Court finds that Hochstadt was Plaintiff's alter ego and persons who dominate the corporation are treated as one person under the law. Id.

Based upon the foregoing, the Court need not discuss whether conduct in this case is sanctionable under Fed. R. Civ. P. 11 since the standard for the imposition of sanctions under the Court's inherent power is more stringent than that imposed under Rule 11.

### B. FEES UNDER FLORIDA STATUTE § 57.105

Schad Defendants claim entitlement to fees under Florida Statute § 57.105 providing for the award of attorney's fees to the prevailing party where the Court finds a complete absence of a justiciable issue of either law or fact raised by the Complaint. While Defendants are the prevailing parties to this cause, the Court fails to find a complete absence of a justiciable issue.

### C. COSTS

Schad Defendants request an award of taxable costs under 28 U.S.C. § 1920 for expenses incurred throughout the successful defense of this action in light of the Court's Order entering Final Summary Judgment. Fed. R. Civ. P. 54(d) states that "costs shall be allowed as a matter of course to the prevailing party unless the Court otherwise directs..." Allowable costs are listed in § 1920.[2]

The Court finds that as a prevailing party, Schad Defendants are entitled to an award of taxable costs incurred while defending this action. The Court also awards Schad Defendants expert witness fees in excess of the statutory amount pursuant to its finding that this action was maintained both in bad faith

---

[2] 28 U.S.C. § 1920 provides:
    A judge or clerk of any court of the United States may tax as costs the following:
        (1) Fees of the clerk and marshal;
        (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
        (3) Fees and disbursement for printing and witnesses;
        (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
        (5) Docket fees under section 1923;
        (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

and for oppressive reasons. Both Plaintiff and Hochstadt are jointly and severally liable for such costs under the alter ego doctrine.

## II. MOTION TO TAX COSTS BY CAMPBELL DEFENDANTS.

Campbell Defendants request that expert witness fees in excess of the statutory amount be granted, claiming that such costs are "necessitated by an unfounded action maintained in bad faith, vexatiously or for oppressive reasons." Barnes v. Dalton, 158 F.3d 1212, 1215 (11th Cir. 1998); Nat'l Bankcard Corp. v. Visa, U.S.A., 112 F.R.D. 62, 68 (S.D. Fla. 1986). Plaintiff and Hochstadt oppose these contentions, and the arguments made in response to the Schad Defendants Motion are also applicable to the Campbell Defendants motion. The Court finds that Campbell Defendants were prevailing parties and entitled to an award of taxable costs under 28 U.S.C. § 1920 for expenses incurred in defending this action. The Court also grants Campbell Defendants an award of expert witness fees in excess of the statutory amount pursuant to its finding that this action was maintained in bad faith and for reasons previously stated.

## III. MOTION TO TAX ATTORNEYS FEES AND COSTS BY HOCHSTADT

Hochstadt, Third Party Defendant, argues that he is entitled to attorney's fees and costs pursuant to contract and 28 U.S.C. § 1920 respectively. Hochstadt argues that he is entitled to attorney's fees since the Amended Third Party Complaint arose from a contract seeking indemnification and Florida conforms to the "American Rule" under which attorney's fees are awarded when permitted by contract. As to taxation of costs, Hochstadt argues that he was a prevailing Third Party Defendant and that all expenditures were reasonable and necessary in the successful defense of this action.

Defendants maintain that Hochstadt was not "dragged" into this case as he alleges, due to the factual findings indicating that Hochstadt was not a third party beneficiary since he signed the initial complaint in this litigation and was found to be the "virtual representative" of Plaintiff by the Court.

5

Defendants further contend that Hochstadt not only paid the attorneys fees and costs for Plaintiff due to the company's lack of funds, but also that he authorized the filing of the initial suit as President and last remaining Director of Integrated.

The Court finds that Hochstadt has misstated the "American Rule" since under this Rule, "costs that can be awarded to a prevailing party are highly circumscribed and generally do not include an award of attorney's fees." Wagstaff v. Manufacturers Nat. Bank of Detroit, 588 F.Supp. 1389 (E.D. Mich. 1984). The Court finds that the aforementioned contract that Hochstadt makes reference to was not the basis of the third party action, but rather part of the 1996 Iowa Settlement. Further, the Supreme Court has interpreted Fed. R. Civ. P. 54(d) to grant federal courts discretion in refusing to tax costs in favor of a prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, courts are accorded great latitude in ascertaining taxable costs. Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). A trial court possesses broad discretionary powers in allowance or disallowance of costs. Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143 (D. Md. 1968). Therefore, while costs are normally granted to a prevailing party, the Court, in this instance, elects not to award costs since Hochstadt was Plaintiff's alter ego.

Accordingly, it is hereby

ORDERED as follows:

1. Schad Defendants' Motion for Sanctions, Attorney's Fees and Taxation of Costs [DE-291] is GRANTED, in part, and DENIED, in part. The Motion is GRANTED with respect to sanctions and costs. The Motion is DENIED as to attorney's fees under Fla. Stat. ch. 57.105 (1999). Schad Defendants are entitled to $16,341.24 in costs, said amount to be paid within 30 days from the date of this Order. Plaintiff and Hochstadt are jointly and severally liable for said award.

2.  Campbell Defendant's Motion to Tax Costs [DE-274] is GRANTED. Campbell Defendants are entitled to $31,686.62, said amount to be paid within 30 days from the date of this Order. Plaintiff and Hochstadt are jointly and severally liable for said award.

3.  Hochstadt's Third Party Defendant's Motion to Tax Costs and Attorney's Fees [DE-273] is DENIED.

4.  Schad Defendants shall direct further argument to the Court detailing suggested amounts for sanctions. Defendants shall submit a memorandum of law in that regard within 20 days from the date of this Order. Plaintiff and Third Party Defendant, A.M. Hochstadt, shall submit responses within 10 days thereafter and Schad Defendants shall submit a reply within 10 days thereafter.

DONE AND ORDERED in Chambers at the United States District Courthouse for the Southern District of Florida, this 28th day of July, 2000.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
Judge Patricia A. Seitz
Counsel of Record